IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LARRY D. LINDSEY,           §
                            §
        Petitioner,         §
                            §
VS.                         §
                            §   NO. 3-08-CV-0471-K
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
                            §
        Respondent.         §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry D. Lindsey, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In 1995, petitioner was indicted for burglary of a habitation "with the intent to commit a felony other than theft, namely, sexual assault," a first degree felony. After the trial judge refused to accept a plea agreement, petitioner entered an open plea of guilty to the offense alleged in the indictment. The court deferred an adjudication of guilt and placed petitioner on community supervision for 10 years. While on supervision, petitioner was charged with aggravated assault, a third degree felony. On May 29, 1997, petitioner was sentenced to 10 years confinement on his plea of nolo contendere in the aggravated assault case. The court also found petitioner guilty of burglary of a habitation, revoked his community supervision, and sentenced him to 10 years confinement. Petitioner appealed both his aggravated assault and burglary convictions, but the appeals were

dismissed as untimely. *Lindsey v. State*, Nos. 05-97-01178-CR & 05-97-01179-CR, 1997 WL 593826 (Tex. App.--Dallas Sept. 26, 1997, no pet.).

Petitioner was released to mandatory supervision on January 12, 2001. Nearly three years later, on October 3, 2003, his supervision was revoked and petitioner returned to prison. In 2007, the TDCJ determined that petitioner was not eligible for mandatory supervision because of his burglary conviction and denied him release.[1] Petitioner challenged that decision, as well as the denial of credit on his sentence for the time he was out on release from January 12, 2003 to November 9, 2003, in two different applications for state post-conviction relief. The trial court found that petitioner was entitled to mandatory supervision with respect to his burglary conviction, but rejected the sentence credit claim. *Ex parte Lindsey*, WR-40,988-03, Supp. Tr-II at 9-10 (Crim. Dist. Ct. #2, Dallas Co., Tex., Oct. 7, 2005). While that recommendation was pending before the Texas Court of Criminal Appeals, the state filed a motion for judgment nunc pro tunc, asking the trial court to correct the judgment in the burglary case to reflect that petitioner had been convicted of "burglary of a habitation as charged in the indictment." The trial court entered a nunc pro tunc judgment, which was affirmed on direct appeal. *Lindsey v. State*, No. 05-06-00563-CR, 2007 WL 1310955 (Tex. App.--Dallas, May 7, 2007, pet. ref'd).

On June 13, 2007, the Texas Court of Criminal Appeals granted habeas relief with respect to petitioner's mandatory supervision claim as recommended by the trial court. *Ex parte Lindsey*, 226 S.W.3d 433 (Tex. Crim. App. 2007). However, the appeals court subsequently granted rehearing on its own motion, withdrew the prior order, and denied post-conviction relief. *Ex parte Lindsey*, 235 S.W.3d 233 (Tex. Crim. App. 2007). As a result of that ruling, petitioner, who had

---

[1] Petitioner was eligible for mandatory supervision on his aggravated assault conviction under the law in effect at the time that offense was committed. *See* TEX. CODE CRIM. PROC. ANN. art. 42.18, § 8(c)(5) (Vernon 1994) (only prisoners serving a sentence for a second degree or first degree felony under Section 22.02 of the Texas Penal Code are ineligible for release to mandatory supervision).

been released to mandatory supervision on August 8, 2007, was returned to custody on January 3, 2008. Petitioner now seeks habeas relief in federal court.

II.

In multiple grounds, petitioner contends that: (1) he is eligible for release to mandatory supervision based on the law in effect at the time the burglary offense was committed; (2) he is entitled to credit on his sentence for the time spent on mandatory supervision; (3) the nunc pro tunc judgment entered by the trial court is illegal; (4) his original guilty plea was involuntary; (5) prison officials have improperly extended his discharge date; and (6) the nunc pro tunc judgment stigmatizes him as a sex offender.[2]

A.

The threshold issue in this case involves petitioner's eligibility for mandatory supervision on his burglary conviction. According to petitioner, the 1994 version of the mandatory supervision statute makes a prisoner ineligible for release only if the prisoner is serving a sentence for certain specified offenses, including first degree burglary under Section 30.02(d)(2) or (d)(3) of the Texas Penal Code. *See* TEX. CODE CRIM. PROC. ANN. art. 42.18, § 8(c)(11) (Vernon 1994). Under the penal code provision cited by petitioner, burglary is a first degree felony if:

    (1)    the premises are a habitation; or

    (2)    any party to the offense is armed with explosives or a deadly weapon; or

    (3)    any party to the offense injures or attempts to injure anyone in effecting entry or while in the building or in immediate flight from the building.

---

[2] As part of his answer, respondent argues that petitioner's claims are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 5-10). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Mack v. Quarterman*, No. 3-06-CV-0903-L, 2007 WL 241373 at *2 n.1 (N.D. Tex. Jan. 26, 2007), *COA denied*, No. 07-10285 (5th Cir. Feb. 19, 2008) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits).

TEX. PENAL CODE ANN. § 30.02(d) (Vernon 1989). Because the trial court found that petitioner was convicted of burglary of a habitation under Section 30.02(d)(1) of the Texas Penal Code, *see Ex parte Lindsey*, WR-40,988-03, Supp. Tr.-II at 9, and none of the aggravating factors contained in section 30.02(d)(2) or (d)(3) are present, petitioner contends that he is eligible for mandatory supervision under the law in effect at the time the offense was committed.

1.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-23, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by

state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

Petitioner's argument is based on the faulty premise that he was convicted under the 1989 version of the Texas burglary statute. He was not. Effective September 1, 1994, Section 30.02(d) of the Texas Penal Code was amended to read:

> An offense under this section is a felony of the first degree if:
>
> (1) the premises are a habitation; and
>
> (2) any party to the offense entered the habitation with the intent to commit a felony other than felony theft.

TEX. PENAL CODE ANN. § 30.02(d) (Vernon 1994). The indictment charged petitioner with burglary of a habitation "with the intent to commit a felony other than theft, namely, sexual assault." (St. App. Tr-II at 2). The offense was committed on October 26, 1994--nearly two months after the amended statute took effect. (*Id.*). Petitioner entered an open plea of guilty to the offense alleged in the indictment, and the nunc pro tunc judgment recites that petitioner was convicted of "burglary of a habitation as charged in the indictment." (*Id.* at 38). In rejecting petitioner's claim on state collateral review, the Texas Court of Criminal Appeals held:

> Our rules of statutory construction require that each portion of a statute be given effect as much as is possible and, while subsection (3) no longer existed at the time applicant committed the burglary, there was still a subsection (2) that described his offense and that it should be given effect. We deny relief on the claim of eligibility for mandatory supervision as to the burglary conviction and find that applicant is ineligible for mandatory supervision as to that conviction.

*See Ex parte Lindsey*, 235 S.W.3d at 235. Succinctly stated, the state court determined that petitioner was convicted of burglary of a habitation with the intent to commit a felony other than

felony theft in violation of Section 30.02(d)(2) of the Texas Penal Code, as amended, thus making him ineligible for mandatory supervision under the law in effect at the time the offense was committed. That decision is neither contrary to nor involves an unreasonable application of clearly established federal law. *See Crooms v. Dretke*, No. H-05-2069, 2005 WL 1515434 at *1 (S.D. Tex. Jun. 20, 2005), *citing Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (federal courts must defer to state courts' interpretation of state parole laws).

3.

Having determined that petitioner is not, and has never been, eligible for mandatory supervision, the other claims challenging his eligibility for early release and the calculation of sentence credits fall like a house of cards. Prison officials did not act improperly in reclassifying petitioner as ineligible for mandatory supervision. That petitioner was erroneously released in 2001 does not change his eligibility status. Nor is petitioner entitled to credit on his sentence under Section 508.283(c) of the Texas Government Code. Under that statute:

> If the parole, mandatory supervision, or conditional pardon of a person *other than a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2004) (emphasis added). While the statute allows certain prisoners to retain street time credits after their parole or mandatory supervision is revoked,

*see Ex parte Spann*, 132 S.W.3d 390, 394 (Tex. Crim. App. 2004), it specifically excludes prisoners, like petitioner, who are ineligible for mandatory supervision under Section 508.149(a) of the Texas Government Code.[3] These grounds are without merit and should be overruled.

B.

In one broad ground for relief, petitioner contends that the nunc pro tunc judgment entered by the trial court corrects a judicial error, rather than a clerical error, and is barred by collateral estoppel and laches. As previously discussed, petitioner was charged with burglary of a habitation with the intent to commit a felony other than theft, namely, sexual assault. (*See* St. App. Tr-II at 2). He pled guilty to that offense "exactly as alleged in the charging instrument." (*Id.* at 9). Petitioner also signed a stipulation of evidence admitting that he unlawfully, knowingly, and intentionally entered a habitation without the effective consent of the victim "with the intent to commit a felony other than theft, namely, sexual assault." (*Id.* at 11). In its motion to proceed with an adjudication of guilt, the state alleged that petitioner was charged with "burglary of a habitation, a first degree felony, as charged in the indictment." (*Id.* 21, 21, 29). Petitioner pled true to the allegations of the motion and was found guilty on his plea. (*Id.* at 7, 25). Although the original judgment recited that petitioner was convicted only of "burglary of a habitation," it is clear from the record that petitioner was charged with, and pled guilty to, burglary of a habitation "with the intent to commit a felony other than theft, namely, sexual assault." To correct this error, the state filed a motion for judgment nunc pro tunc, which was granted by the trial court and affirmed on direct appeal. *See Lindsey*, 2007 WL 1310955 at *2-4.

---

[3] Section 508.149(a) provides that "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a first degree felony under Section 30.02, Penal Code[.]" TEX. GOV'T CODE ANN. § 508.149(a)(13) (Vernon 2004).

The Fifth Circuit has held that corrections to "[c]lerical errors in state court judgments are allowed if the corrections are made in accordance with state law." *Johnson v. Scott*, 58 F.3d 635 (Table), 1995 WL 370705 at *1 (5th Cir. May 29, 1995), *citing Crockett v. McCotter*, 796 F.2d 787, 792 (5th Cir.), *cert. denied*, 107 S.Ct. 678 (1986). Under Texas law, trial courts have inherent power to make corrections by nunc pro tunc orders to reflect what actually occurred. *Id.*, *citing Wilson v. State*, 677 S.W.2d 518, 522 (Tex. Crim. App. 1984). Notwithstanding petitioner's claim that the nunc pro tunc judgment corrects a judicial error, rather than a clerical error, it is clear that the trial court corrected the judgment to reflect what actually transpired in this case. The state appeals court determined that such action was proper under Texas law, and petitioner has failed to show otherwise. Even if the state court acted improperly, petitioner has not suffered a constitutional injury warranting federal habeas relief. *See Ware v. Dretke*, No. 4-04-CV-0934-Y, 2005 WL 900625 at *7 (N.D. Tex. Apr. 19, 2005), *rec. adopted*, 2005 WL 1134861 (N.D. Tex. May 9, 2005), *COA denied*, No. 05-10710 (5th Cir. Aug. 15, 2006) ("Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented."). The same is true for petitioner's argument that the nunc pro tunc judgment is barred by collateral estoppel and laches. This ground for relief should be overruled.

### C.

Petitioner further contends that he is entitled to credit on his sentence for the time he was erroneously released to mandatory supervision. In support of this argument, petitioner cites *Thompson v. Cockrell*, 263 F.3d 423 (5th Cir. 2001), wherein the Fifth Circuit held that Texas prisoners have a constitutionally protected liberty interest in calendar time accrued during the period of their premature or erroneous release, unless the release was the result of some fault on the part of the prisoner. Significantly, the liberty interest found in *Thompson* does not emanate from the due

process clause itself. *Thompson*, 263 F.3d at 426. Instead, the court determined that Texas law prohibits the state from denying prisoners calendar time after an erroneous release which, in turn, creates a liberty interest under the due process clause. *Id.* Relying on prior decisions of the Texas Court of Criminal Appeals, the Fifth Circuit noted:

> A sentence must be continuous and a prisoner or inmate cannot be required to serve his sentence in installments, unless it is shown that a premature or unlawful release of the prisoner or inmate resulted or occurred through some fault on the part of the prisoner or inmate. The law in Texas from the time of Thompson's offense to the present requires the State to credit Thompson for time after an erroneous release, so long as Thompson was not at fault. Texas law therefore grants Thompson a legal entitlement to calendar time during the period of his premature release.

*Id.* (citations and internal quotations omitted).

The issue of whether a prisoner is entitled to street time credit on his sentence following a premature or erroneous release was revisited by the Texas Court of Criminal Appeals in *Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003). In that case, the Texas court expressly overruled its prior decisions, including those cases cited by the Fifth Circuit in *Thompson*,[4] which were based on an "outmoded" distinction in calculating time credits for prisoners who are released in error and prisoners who are released on parole or mandatory supervision. *Hale*, 117 S.W.3d at 872 & n.26. According to the court, "[t]he limits on the period of conditional release are set by statute," regardless of whether the release is authorized or unauthorized. *See id.* at 873. Under the statute applicable to petitioner:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be

---

[4] The cases cited in *Thompson* that were expressly overruled by *Hale* include *Ex parte Millard*, 48 S.W.3d 190 (Tex. Crim. App. 2001), *Ex parte Morris*, 626 S.W.2d 754 (Tex. Crim. App. 1982), *Ex parte Hurd*, 613 S.W.2d 742 (Tex. Crim. App. 1981), *Ex parte Tarlton*, 582 S.W.2d 155 (Tex. Crim. App. 1979), and *Ex parte Esquivel*, 531 S.W.2d 339 (Tex. Crim. App. 1976).

> required to serve the remaining portion of the sentence on which the person was released. *The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.*

TEX. GOV'T CODE ANN. § 508.283(b) (Vernon 1998 & 2004) (emphasis added). Although the statute does not expressly address erroneous or premature release, it is clear that prisoners, like petitioner, who are serving sentences for an offense described in Section 508.149(a) of the Texas Government Code, no longer have a state-created liberty interest in receiving credit for the time spent on release. *See Hale*, 117 S.W.3d at 873. Without a state-created liberty interest, there is no basis for federal habeas relief.

### D.

Finally, petitioner complains that his original guilty plea was involuntary, that prison officials have improperly extended his discharge date, and that the nunc pro tunc judgment stigmatizes him as a sex offender. Respondent counters that these claims are barred from federal habeas review because they were not presented to the Texas Court of Criminal Appeals in a procedurally correct manner and any attempt to do so at this juncture would be futile.

### 1.

A petitioner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d

440 (2005), Texas law prohibits a prisoner from filing a second or successive habeas petition if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt[.]

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

None of these claims were raised by petitioner on state collateral review. Although petitioner argues that two of the claims--his guilty plea was involuntary and the nunc pro tunc judgment stigmatizes him as a sex offender--were presented to the Texas Court of Criminal Appeals in a petition for discretionary review, neither claim was raised in the intermediate appellate court. As a result, neither claim was presented to the highest available state court in a procedurally correct

manner. *See Green v. Cockrell*, No. 3-02-CV-0739-D, 2002 WL 1119355 at *2 (N.D. Tex. May 29, 2002), *citing Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990) ("Asserting a claim for the first time in a petition for discretionary review does not suffice to exhaust state remedies for that claim."). The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07. Petitioner is procedurally barred from obtaining relief on these grounds. *See Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE